UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| JACOB WELLBORN,<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>TESTAMENT LLC D/B/A<br>TESTAMENT CONSTRUCTION LLC<br><br>Defendant. | Case No. 7:22-cv-212<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(B) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Jacob Wellborn ("Wellborn" or "Plaintiff") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Collective Members") who worked for Testament LLC d/b/a Testament Construction LLC ("Testament" or "Defendant"), anywhere in the United States, at any time during the last three years through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq*.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Collective Members are those similarly situated persons who worked for Testament, anywhere in the United States, at any time during the last three years through the final disposition of this matter, and were not paid the correct amount of overtime in violation of federal law.

3. Although Plaintiff and the Putative Collective Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Specifically, Testament only paid overtime after Plaintiff and the Putative Collective Members worked more than fifty (50) hours each week.

5. Testament knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek on a routine and regular basis in the last three years.

6. The decision by Testament not to pay the proper amount of overtime compensation for all hours worked over forty (40) each week was neither reasonable nor in good faith.

7. Plaintiff and the Putative Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff prays that all similarly situated Operators (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

# II.
# THE PARTIES

10. Plaintiff Jacob Wellborn ("Wellborn" or "Plaintiff") worked for Testament within the relevant time period. Plaintiff Wellborn did not receive overtime compensation at a rate of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek.[1]

11. The Putative/FLSA Collective Members include those current and former Operators who worked for Testament, anywhere in the United States, at any time since October 5, 2019 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Wellborn worked and was paid.

12. Testament LLC d/b/a Testament Construction LLC ("Testament" or "Defendant") is a foreign for-profit company doing business in the State of Texas and may be served through its registered agent for service, **Registered Agents Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731.**

# III.
# JURISDICTION & VENUE

13. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201-19.

14. This Court has specific personal jurisdiction over Testament because the cause of action arose within this District as a direct result of Testament's conduct within this District and Division.

15. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

---

[1] The written consent of Jacob Wellborn is attached hereto as Exhibit A.

16. Venue is proper pursuant to 28 U.S.C. § 1391(b) in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

17. Specifically, Testament has maintained a working presence throughout the State of Texas (and throughout the United States) and Plaintiff worked for Testament in Gardendale, Texas, all of which is located in this District and Division.

## IV.
## ADDITIONAL FACTS

18. Testament "specializes in building drilling pads and other heavy oilfield construction, land clearing, earth moving, foundations of all sizes, and general commercial construction" and is "one of the fastest growing general contractors for oil field drilling site preparation."[2]

19. "Testament has worked in the oil and gas industry from Louisiana to North Dakota and from Mississippi to New Mexico" and "recently completed the largest super pad in Texas."[3]

20. To provide these services, Testament employed (and continues to employ) numerous Heavy Machinery Operators ("Operators")—including Plaintiff and the Putative Collective Members.

21. While exact job titles may differ, Plaintiff and the Putative Collective Members were subjected to the same or similar illegal pay practices for similar work throughout the United States.

22. Plaintiff Wellborn worked for Testament as an Operator from approximately August 2021 until April 2022.

23. Plaintiff and the Putative Collective Members are non-exempt Operators who are (and were) paid by the hour.

24. Plaintiff and the Putative Collective Members worked long hours.

---

[2] https://www.testamentllc.com/about-us/.

[3] *Id.*

25. Indeed, Operators—like Plaintiff and the Putative Collective Members—regularly worked approximately 84 hours or more per week.

26. However, Testament only pays overtime wages to its Operators for time worked in excess of fifty (50) hours in a workweek.[4]

27. Plaintiff and the Putative Collective Members were subjected to (and continue to be subjected to) the same or substantially similar policy, practice or scheme that denied them the proper amount of overtime as a result of the same illegal pay practice of only paying overtime for hours worked over fifty (50) in a workweek despite them working over forty (40) hours in a workweek.

28. Plaintiff and the Putative Collective Members worked similar hours and were denied the proper amount of overtime as a result of the same illegal pay practice.

29. Plaintiff and the Putative Collective Members were also subjected to the same illegal pay practice for similar work, and all were denied the proper amount of overtime pay as required by federal law.

30. To the extent Plaintiff and the Putative Collective Members' job duties varied, these differences do not matter for the purposes of determining their right to the proper amount of overtime pay.

31. Plaintiff and the Putative Collective Members performed substantially similar job duties related to operating heavy machinery in the field.

32. Testament knew or should have known that the proper amount overtime compensation was not being paid to Plaintiff and the Putative Collective Members in violation of the FLSA.

---

[4] A true and correct summary of Plaintiff Wellborn's pay stubs are attached hereto as Exhibit B.

33. Testament knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Collective Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective Members.

34. Testament is aware of its obligation to pay for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week to Plaintiff and the Putative Collective Members but has failed to do so.

35. Because Testament did not pay Plaintiff and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, Testament's pay policies and practices violate the FLSA.

## V.
## CAUSE OF ACTION

**A. FLSA COVERAGE**

36. All previous paragraphs are incorporated as though fully set forth herein.

37. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER OPERATORS WHO WERE EMPLOYED BY TESTAMENT, LLC D/B/A TESTAMENT CONSTRUCTION, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM OCTOBER 5, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

38. At all times hereinafter mentioned Testament, has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

39. At all times hereinafter mentioned, Testament has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

40. At all times hereinafter mentioned, Testament has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods

or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

41. Specifically, Testament operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

42. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Testament, these individuals provided services for Testament that involved interstate commerce for purposes of the FLSA.

43. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

44. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt Operators who assisted Testament's customers throughout the United States. 29 U.S.C. § 203(j).

45. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

46. The proposed collective of similarly situated employees—that is, Putative Collective Members, sought to be certified pursuant to 29 U.S.C. § 216(b), are defined in Paragraph 37.

47. The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee and personnel records of Testament.

## B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

48. Testament violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(2)(a), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

49. Moreover, Testament knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

50. Testament knew or should have known its pay practices were in violation of the FLSA.

51. Testament is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

52. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Testament to pay according to the law.

53. The decisions and practices by Testament to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

54. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

55. All previous paragraphs are incorporated as though fully set forth herein.

56. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Testament's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

57. Other similarly situated employees have been victimized by Testament's patterns, practices, and policies, which are in willful violation of the FLSA.

58. The FLSA Collective Members are defined in Paragraph 37.

59. Testament's systematic failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the FLSA Collective Members.

60. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

61. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

62. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations— are entitled to be paid the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

63. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

64. Absent a collective action, many members of the proposed FLSA Collective will not likely obtain redress of their injuries and Testament will retain the proceeds of its rampant violations.

65. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the FLSA Collective and provide for judicial consistency.

66. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined in Paragraph 37 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

67. Plaintiff respectfully prays for judgment against Testament as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 37 and requiring Testament to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all putative Members of the FLSA Collective advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding Testament liable for unpaid back wages due to Plaintiff (and those Members of the FLSA Collective who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those Members of the FLSA Collective who have joined in the suit)

    d. For an Order awarding the costs and expenses of this action;

    e. For an Order awarding attorneys' fees;

    f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g. For an Order awarding Plaintiff Wellborn a service award as permitted by law;

    h. For an Order compelling the accounting of the books and records of Testament, at Testament's expense; and

    i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: October 5, 2022                    Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:   /s/ *Clif Alexander*
      **Clif Alexander**
      Texas Bar No. 24064805
      clif@a2xlaw.com
      **Austin W. Anderson**
      Texas Bar No. 24045189
      austin@a2xlaw.com
      **Lauren E. Braddy**
      Texas Bar No. 24071993
      lauren@a2xlaw.com
      **Blayne Fisher**
      Texas Bar No. 24090099
      blayne@a2xlaw.com
      819 N. Upper Broadway
      Corpus Christi, Texas 78401
      Telephone: (361) 452-1279
      Facsimile: (361) 452-1284

      *Counsel for Plaintiff and Putative Collective Members*